UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

PROGRESSIVE EXPRESS INSURANCE
COMPANY, a Foreign Corporation

      Plaintiff,

v.                                    CASE NO.: 9:21-cv-80965

V. MAINTENANCE LANDSCAPING
PROFESSIONAL INC., a Florida
corporation; VICTOR MARTIN; and,
JAIME A. CARRANZA,

      Defendants.

_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, PROGRESSIVE EXPRESS INSURANCE COMPANY, a Foreign Corporation, ("PROGRESSIVE") files this Complaint for Declaratory Relief against Defendants, V. MAINTENANCE LANDSCAPING PROFESSIONAL INC., a Florida corporation ("MAINTENANCE"); VICTOR MARTIN ("MARTIN") and JAIME A. CARRANZA ("CARRANZA"), and states as follows:

### JURISDICTION

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 and § 2202 for the purpose of determining a question of actual controversy between the parties.

2. The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. This Court has jurisdiction by virtue of 28 U.S.C. § 1332 in that the matter is between citizens of the different states.

## VENUE

3.     Venue is proper in this forum pursuant to 28 U.S.C. § 1391 (a)(2) because a substantial part of the events and alleged omissions giving rise to any claims occurred within the District.

## PARTIES

4.     Plaintiff, PROGRESSIVE, is an Ohio corporation with its principal place of business in the State of Ohio and therefore is deemed a citizen of Ohio. PROGRESSIVE issued an insurance policy to Defendant MAINTENANCE.

5.     Defendant, MAINTENANCE, was at all times material to this complaint, a Florida corporation with its principal place of business in Ft. Lauderdale, Florida and therefore is deemed a citizen of Florida. Furthermore, MAINTENANCE was the named insured under the terms of the insurance policy issued by PROGRESSIVE.

6.     Defendant, MARTIN, was at all times material to this complaint, a Florida citizen and President of MAINTENANCE. In addition, MARTIN was the driver of a certain 2017 Isuzu truck, VIN 54DC4J1B7HS807263 with an attached 2014 Triple Crown trailer, VIN 1XNU616T7E1051785201 that was involved in a motor vehicle accident with CARRANZA on September 15, 2020. By virtue of his position with MAINTENANCE and his operation of the truck, MARTIN is a potential insured under the terms of the insurance policy issued by PROGRESSIVE.

7.     Defendant, CARRANZA, was at all times material to this complaint, a Florida citizen residing in Palm Beach County, Florida. CARRANZA has sued MAINTENANCE and MARTIN for damages arising out of the September 15, 2020 accident.

## **COUNT I - DECLARATORY RELIEF AGAINST DEFENDANTS**

8. PROGRESSIVE entered into a contract of insurance with MAINTENANCE under policy number 01117349-1. The policy period was from 9/13/2020 to 9/13/2021. There is a $1,000,000 Combined Single Limit for bodily injury and property damage, subject to the endorsements, terms, conditions, limitations and exclusions contained in the policy.

9. The Policy contains the following relevant provisions:

**GENERAL DEFINITIONS**

6. **"Insured auto"** or **"your insured auto"** means:
   a. Any **auto** specifically described on the **declarations page**; or
   b. An additional auto for Part I—Liability To Others and/or Part II—Damage To Your Auto on the date you become the owner if:
      (i) you acquire the auto during the policy period shown on the declarations page;
      (ii) we insure all autos owned by you that are used in your business;
      (iii) no other insurance policy provides coverage for that auto; and
      (iv) you tell us within 30 days after you acquire it that you want us to cover it for that coverage.

   If **you** add any coverage, increase **your** limits, or make any other changes to this policy during the 30-day period after **you** acquire an additional **auto**, these changes to **your** policy will not become effective until after **you** ask **us** to add the coverage, increase **your** limits, or make such changes for the additional **auto** . **We** may charge premium for the additional **auto** from the date **you** acquire the **auto** .

   With respect to Part I—Liability To Others, if **we** provide coverage for an additionally acquired **auto** in accordance with this paragraph b., **we** will provide the same coverage for such additional **auto** as **we** provide for any **auto** shown on the **declarations page** .

   With respect to Part II—Damage To Your Auto, if **we** provide coverage for an **auto you** acquire in addition to any **auto** specifically described on the **declarations page**, and the additional **auto** is:

   (i) a **private passenger auto**, **we** will provide the broadest

        coverage **we** provide for any **auto** shown on the **declarations page**; or

   (ii)   any **auto** other than a **private passenger auto**, and **you** have purchased Physical Damage coverage for at least one **auto** other than a **private passenger auto**, **we** will provide the broadest coverage for which the newly acquired **auto** is eligible.

c.   Any replacement **auto** on the date **you** become the owner if:

   (i)   **you** acquire the **auto** during the policy period shown on the **declarations page**;

   (ii)   the **auto** that **you** acquire replaces one specifically described on the **declarations page** due to termination of **your** ownership of the replaced **auto** or due to mechanical breakdown of, deterioration of, or **loss** to the replaced **auto** that renders it permanently inoperable; and

   (iii)   no other insurance policy provides coverage for that **auto**.

If **we** provide coverage for a replacement **auto**, **we** will provide the same coverage for the replacement **auto** as **we** provide for the replaced **auto**. **We** will provide that coverage for a period of 30 days after **you** become the owner of such replacement **auto**. **We** will not provide any coverage after this 30-day period unless within this period **you** ask **us** to insure the replacement **auto**. If **you** add any coverage, increase **your** limits, or make any other changes to **your** policy during this 30-day period, these changes to **your** policy will not become effective until after **you** ask **us** to add the coverage, increase **your** limits, or make such changes .

**INSURING AGREEMENT—LIABILITY TO OTHERS**

Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury**, **property damage**, and **covered pollution cost or expense** for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto** . However, **we** will only pay for the **covered pollution cost or expense** if the same **accident** also caused **bodily injury** or **property damage** to which this insurance applies.

**ADDITIONAL DEFINITIONS USED IN THIS PART ONLY**

B.   When used in Part I—Liability To Others, **insured auto** also includes:

1. **Trailers** designed primarily for travel on public roads, while connected to **your insured auto** that is a power unit;
2. **Mobile equipment** while being carried or towed by an **insured auto**;
3. Any **temporary substitute auto**; and
4. **Mobile equipment** that is:
   a. owned by **you**;
   b. leased, hired, or borrowed by **you** and **you** have purchased either "Hired Auto Coverage" or "Any Automobile Legal Liability Coverage" from **us**; or
   c. not owned, leased, hired, or borrowed by **you** and **you** have purchased either "Employer's Non-Ownership Liability Coverage" or "Any Automobile Legal Liability Coverage" from **us**.

   However, **mobile equipment** meeting any of those three criteria will qualify only if at the time of **loss** it is being:
   a. used in **your** business;
   b. operated on a public highway; and
   c. operated in a state or province where it is subject to a compulsory or financial responsibility law or other motor vehicle insurance law.

10. PROGRESSIVE believes that the vehicle MARTIN was operating was not listed on the declarations page.

11. PROGRESSIVE believes that the vehicle MARTIN was operating was not acquired during the policy period.

12. PROGRESSIVE believes it did not insure all autos owned by MAINTENANCE used in its business.

13. PROGRESSIVE believes that there was other insurance providing coverage for the vehicle in question.

14. PROGRESSIVE believes that it was not told of the vehicle acquisition that MAINTENANCE desired PROGRESSIVE to cover it.

15. This Declaratory Relief action arises out of those certain pending claims between the Defendants arising out of the September 15, 2020 motor vehicle accident

("Underlying Matter"). CARRANZA has made a claim against MAINTENANCE and MARTIN for bodily injury. The Underlying Matter was recently filed in the Fifteenth Judicial Circuit, Palm Beach County, Florida, Case No. 2021-CA-004010.

16. The Underlying Matter alleges, *inter alia,* that MAINTENANCE and MARTIN are liable to CARRANZA by virtue of MARTIN's alleged negligence while operating a 2017 Isuzu truck identified by tax IZLX94. PROGRESSIVE believes the identity of the truck in the Underlying Matter is incorrect.

17. A dispute has arisen between the parties as to whether PROGRESSIVE owes a duty to defend MARTIN or MAINTENANCE in the Underlying Matter, as well as whether PROGRESSIVE is required to indemnify MARTIN or MAINTENANCE for any bodily injury, property damage or any other losses associated in that matter.

18. Defendants contend that PROGRESSIVE has a duty to defend MARTIN and MAINTENANCE in the Underlying Matter and provide indemnity for the claimed damages associated with that matter.

19. PROGRESSIVE asserts that it has no duty to defend or indemnify MARTIN or MAINTENANCE for any indemnity or defense associated with the Underlying Matter, due to the unambiguous terms and conditions of the policy issued by PROGRESSIVE to MAINTENANCE, including but not limited to the Policy language cited in paragraph 9 of this complaint.

20. As a result of the dispute, PROGRESSIVE is in doubt as to its obligations under the provisions of the subject contract of insurance and is in need of an immediate judicial determination of its rights.

21. PROGRESSIVE has been required to retain the undersigned law firm for

prosecution of this declaratory action and has agreed to pay reasonable attorneys' fees and costs for these services.

WHEREFORE, Plaintiff PROGRESSIVE demands that the court:

a. Take jurisdiction over this matter and determine and adjudicate the rights and liabilities of the parties with respect the PROGRESSIVE policy of insurance;

b. Find and declare that PROGRESSIVE has no duty to defend MARTIN or MAINTENANCE in the Underlying Matter, and has no duty to indemnify any of the defendants for any potential judgments; damages; settlement monies; defense costs or attorney fees incurred or to be incurred in that matter;

c. Enter an order declaring that PROGRESSIVE owes no coverage for any claims presented by defendants as a result of the September 15, 2020 Underlying Matter;

d. Grant PROGRESSIVE the costs of this action and such other further relief as this Court deems just and proper under the evidence and circumstances; and

e. Order a speedy hearing of this action and advance it on the calendar.

Dated this 28th day of May 2021.

Respectfully submitted,

*s/ Christine A. Wasula*
ROBERT ALDEN SWIFT
FBN: 0018518
CHRISTINE A. WASULA
FBN.: 0148164
COLE, SCOTT & KISSANE, P.A.

Tower Place, Suite 400
1900 Summit Tower Blvd.
Orlando, Florida 32810
Telephone: (321) 972-0010
Facsimile: (321) 972-0099
E-Mail: robert.swift@csklegal.com
E-Mail: Jennifer.swift@csklegal.com
E-Mail: Christine.wasula@csklegal.com
E-Mail: mcherie.heckford@csklegal.com

*Counsel for Plaintiff Progressive Express Insurance Company*